**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| BILLY HENRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 9:17-CV-16 |
| | § | |
| MARK ROBERTS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Plaintiff, Billy Henry, an inmate confined at the Wainwright Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights under pursuant to 42 U.S.C. § 1983 against several Defendants.

## PROCEDURAL BACKGROUND

Final Judgment was entered in this case on July 1, 2026 (#103), after the Court considered two Reports and Recommendations ("Reports") entered by the magistrate judge on March 13, 2026 (#95), and May 27, 2026 (#100), respectively. No timely objections to these Reports were received and the reports were adopted (#101). Now pending is Plaintiff's Motion to Alter or Amend Judgment filed July 24, 2026 (#106).[1]

Plaintiff, in essence, is asking the Court to reconsider the Final Judgment in this action after considering his Objections filed July 13, 2027 (#104). Plaintiff specifically incorporates his Objections into his Motion to Alter or Amend Judgment. As the motion was filed within 28 days

---

[1] This is the date Plaintiff certifies he placed the motion in the prison mailing system.

of entry of the Final Judgment, it is appropriately considered a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e).

**STANDARD OF REVIEW**

The Supreme Court discussed the purpose of Rule 59(e) as follows:

> Rule 59(e) was added to the Federal Rule of Civil Procedure in 1946. Its draftsmen had a clear and narrow aim. According to the accompanying Advisory Committee Report, the Rule was adopted to "mak[e] clear that the district court possess the power" to rectify its own mistakes in the period immediately following the entry of judgment. . . . Consistently with this original understanding, the federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits.

*White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450-51 (1982) (citations omitted). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citation omitted).

The United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") has observed that a Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted). The Fifth Circuit has repeatedly specified: "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted); *Naquin v. Elevating Boats, L.L.C.*, 817 F.3d 235, 240 n. 4 (5th Cir. 2016); *Winding v. Grimes*, 405 F. App'x 935, 937 (5th Cir. 2010). The decision to alter or amend a judgment is committed to the sound discretion of the district judge and will not be overturned

absence an abuse of discretion. *S. Contractors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 & n. 18 (5th Cir. 1993).

## ANALYSIS

Plaintiff objects to the magistrate judge's findings with respect to her analysis of Plaintiff's factual allegations supporting his claim of deliberate indifference. As explained by the magistrate judge, deliberate indifference is a very high standard to meet. *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). Factual allegations of negligence do not rise to the level of a constitutional violation. *Hall v. Thomas*, 196 F.3d 693, 697 (5th Cir. 1999). A review of the pleadings and Objections in this case reveal that Plaintiff's allegations simply do not "show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756. Finding no manifest errors of law or fact warranting relief under Federal Rule of Civil Procedure 59(e), plaintiff's Motion for Reconsideration (#106) is **DENIED**.

## ORDER

Plaintiff's Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e) (#106) is **DENIED**. It is, further,

**ORDERED** that Plaintiff's Motion for Extension of Time to File Objections (#102) is **DISMISSED** as **MOOT**. It is, further,

**ORDERED** that Defendant's Motion to Substitute Attorney (#105) is **GRANTED**. Assistant Attorney General Michael J. Calb is now substituted in as counsel of record for the Defendants.

SIGNED at Beaumont, Texas, this 25th day of August, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE